(104 So. 25)

### LOEB v. WEBSTER.   (6 Div. 260.)

(Supreme Court of Alabama.   March 26, 1925. Rehearing Denied April 30, 1925.)

1. **Libel and slander** ⚖️7(12)—Charging attempt to procure money under false pretenses held actionable per se.

Slanderous words charging plaintiff with attempt to procure money under false pretenses *held* actionable per se.

2. **Libel and slander** ⚖️86(2)—Innuendo held unnecessary, where slander charged was actionable per se.

Where alleged slander charged plaintiff with attempt to obtain money under false pretenses and was actionable per se, innuendo was unnecessary, and demurrer to complaint was properly overruled.

3. **Appeal and error** ⚖️197(1)—Alleged variance not presented at trial as required by rule.

To be reviewed, alleged variance should have been presented at trial as required by rule 34, 175 Ala. xxi.

4. **Libel and slander** ⚖️124(1) — Charge on presumption that accusation was false and maliciously made held proper.

It was proper to charge that, if defendant accused plaintiff with attempt to obtain money by false pretenses, then law presumed accusation false, and, if from evidence it was false, then jury could infer it was maliciously made from fact that it was false.

5. **Trial** ⚖️109—Overruling objection to opening statement injecting charge of stealing not alleged in complaint held erroneous.

Where sole slander alleged was that defendant charged plaintiff with attempt to ob-

tain money by false pretenses, it was error to overrule objection to plaintiff's opening statement that evidence was expected to show that defendant had charged plaintiff with stealing diamonds.

**6. Trial ⊙⇒131(1)—Failure to object to testimony as to theft of diamonds held not waiver of previous objection to erroneous opening statement.**

Where sole slander charged was that defendant charged plaintiff with attempt to obtain money by false pretenses, defendant's failure to object to testimony as to his charge of theft *held* not waiver of previous objection to plaintiff's opening statement that evidence would show charge of theft.

**7. Appeal and error ⊙⇒1047(3), 1050(1)—Overruling objection to question calling for immaterial and hearsay testimony and motion to exclude held reversible error.**

In action for slander, where question as to disposition of defendant's check for merchandise returned by plaintiff was immaterial, and conversation between plaintiff and her attorney as to frame-up between latter and defendant was hearsay, overruling objection to question to plaintiff as to whether counsel did not deny frame-up and as to whether he intended to sue defendant and motion to exclude answers thereto *held* reversible error.

**8. Trial ⊙⇒125(2)—Appeal to race prejudice is serious breach of privilege of argument to jury.**

Appeal to race prejudice constitutes a most serious breach of privilege of argument to jury.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for slander by Effie Webster against Leopold Loeb. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 4 of the complaint is as follows:

"Plaintiff claims of the defendant $50,000 for that heretofore on, to wit, the 18th day of September, 1923, the plaintiff entered a millinery department operated by the defendant in the city of Birmingham, Ala., to obtain an adjustment on a Bird of Paradise feather that the plaintiff had previously purchased from the defendant, which feather defendant represented to be a King Bird of Paradise feather, and which representation was false. And plaintiff avers that at said time the defendant falsely and maliciously charged the plaintiff with an attempt to obtain money from the defendant under false pretenses, with intent to defraud the defendant, by speaking of and concerning the plaintiff in the presence of divers persons in substance as follows: That the plaintiff was attempting to cheat the defendant by substituting an inferior female feather for the feather purchased from the defendant and returning the substituted feather for the purpose of cheating defendant out of the money that the plaintiff had paid the defendant for the feather, and as a proximate consequence the plaintiff avers that she was humiliated, embarrassed, and caused to suffer great mental anguish, and her character or reputation was greatly damaged, and plaintiff was otherwise injured and damaged, and plaintiff claims punitive damages."

Charge A, given for plaintiff, is as follows:

"If you are reasonably satisfied from the evidence that the defendant accused the plaintiff as charged in the fourth count of the complaint, then the law presumes the accusation was false, and, if you are reasonably satisfied from the evidence that the accusation was false, then the law says you may infer that it was maliciously made from the fact that it. was false."

Gibson & Davis, Cabaniss, Johnston, Cocke & Cabaniss and Brewer Dixon, all of Birmingham, for appellant.

In an action for slander, where the words used are susceptible of two meanings, the pleader must set forth enough attendant facts to raise the implication that an offensive charge was intended. Long v. Musgrove, 75 Ala. 158; Penry v. Dozier, 161 Ala. 292, 49 So. 909; Kirkpatrick v. Journal Pub. Co., 207 Ala. 687, 93 So. 622. It is necessary that the words alleged be strictly proven; a variance is fatal. Robertson v. Lea, 1 Stew. (Ala.) 145; Allen v. Hillman, 12 Pick. (Mass.) 109; Kirksey v. Fike,. 29 Ala. 206; Macurda v. Lewiston Co., 109 Me. 53, 82 A. 438; Moore v. Johnson, 147 Ky. 584, 144 S. W. 765; Wooten v. Martin, 140 Ky. 781, 131 S. W. 783, Ann. Cas. 1912B, 407; 25 Cyc. 484; Labor Review v. Galliher, 153 Ala. 364, 45 So. 188, 15 Ann. Cas. 674; Scott v. McKinnish, 15 Ala. 662; Easley v. Moss, 9 Ala. 266; Phillips v. Bradshaw, 167 Ala. 199, 52 So. 662; L. & N. v. Malone, 200.Ala. 380, 76 So. 296.

Horace C. Wilkinson and Chas. W. Greer, both of·Birmingham, for appellee.

Parties may not speculate on the chances of a verdict and then rely on some preliminary error. Thomas v. State, 94 Ala. 74, 10 So. 432; L. & N. v. Abernathy, 192 Ala. 629, 69 So. 57; Stewart Veneer Co. v. Windham, 12 Ala. App. 642, 68 So. 516; Sou. Ry. v. Dickens, 149 Ala. 654, 43 So.. 121; C. of G. v. Ashley, 160 Ala. 580, 49 So. 388. When the inducing cause of action of a person is the subject of inquiry, the information upon which he acted may be stated although it consists of the speech of a third person: L. & N. v. Dilburn, 178 Ala. 600, 59 So. 438;. Bank v. Hutchinson, 62 Kan. 9, 61 P. 446; Mills v. Riggle, 83 Kan. 703, 112 P. 617, Ann. Cas. 1912A, 616; Thompson v. State (Tex. Cr. App.) 89 S. W. 1081; Alford v. State, 47 Fla. 1, 36 So. 436.

GARDNER, J. This appeal is from a judgment recovered by appellee against appellant in an action for slander. The cause was tried upon the general issue joined on count four; all other counts having been stricken

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

by plaintiff. This count appears in the report of the case.

[1, 2] The words charged to have been used by defendant were not such as capable of an innocent meaning. They clearly charge a crime, an attempt to procure money under false pretense, and were actionable per se. An innuendo was therefore unnecessary, and the demurrer was properly overruled. Berdeaux v. Davis, 58 Ala. 611; Penry v. Dozier, 161 Ala. 292, 49 Só. 909; Long v. Musgrove, 75 Ala. 158; form 16, Code 1907, p. 1197.

[3, 4] We think the evidence of the plaintiff in all material respects supported this count, and that no variance appears. The affirmative charge was properly refused. Moreover, no question of variance was presented to the trial court for action thereon as provided by rule 34, 175 Ala. xxi. Charge A given for plaintiff was a correct statement of the law of the case. Age-Herald Co. v. Waterman, 202 Ala. 665, 81 So. 621.

[5] Plaintiff had purchased from the defendant what she insists was represented to be a King Bird of Paradise feather. Her evidence is to the effect that after using it for a length of time she was told it was not a King Bird feather, but a female feather, which is inferior in quality and worth considerably less; that she went to the defendant, to use her language, "merely seeking an adjustment of the purchase price of the feather," whereupon she testifies that the defendant charged her with having "switched the feather," substituting the inferior for the one sold by defendant for the purpose of getting from the defendant the money she had paid for the feather. Plaintiff further states that defendant had "something to say about me trying to cheat him. He told me I had taken the birds out and switched them"—to again use the language of the witness. She further insists that all of this was said in the presence of others; that defendant took the feathers and threw them on the table and told her to leave the store. This briefly states the substance of a charge of slander, upon which the cause was tried as embraced in count 4.

Count 2 of the original complaint also stated an action of slander, in that the defendant charged the plaintiff with having stolen some diamonds. When the complaint, however, was amended by the adding of count 4, this count, with others was stricken.

There were demurrers to the complaint, as well as demurrers to pleas filed by defendant. The last amendment of the complaint was that in which count 4 was added, and the other counts stricken. Demurrers to the complaint were refiled, and the defendant's pleas were refiled, and the demurrers to the pleas were sustained, and those to the complaint were overruled. Whereupon the judgment entry shows issue was joined.

We interpret the record, therefore, as disclosing that all matters of pleading were, of course, settled before issue joined, and that the statement of the case by counsel for the respective parties to the jury were not made until issue was joined. Such is the ordinary course of procedure, and nothing appears in the record to the contrary. So interpreting the record, therefore, at the time plaintiff stated her case to the jury as to what she expected to prove, the only count in the cause was count 4. In stating the case to the jury, among other things, counsel for plaintiff stated that the evidence was expected to show that while the plaintiff was in a drug store talking with one Wise, he said to her, "By the way, Loeb has gotten some information that you have stolen some diamonds from a doctor." Defendant's counsel interposed the following objection: "We object to that statement as not bearing upon the issue involved in this case, and for the purpose solely of attempting to prejudice this jury; there being no charge in this complaint that Mr. Loeb has charged her with stealing diamonds." The court overruled the objection, and the defendant reserved an exception. In this there was error. There was no issue, as we interpret the record, and as the objection points out, that the defendant had charged the plaintiff with stealing diamonds. As to its prejudicial character, the statement should be construed in connection with the previous remark of counsel calculated to rouse race prejudice.

[6] A week after this alleged slander, the plaintiff testified that she saw Wise at Jacob's drug store, and she detailed the conversation had with Wise, which included the foregoing statement. While no objection was interposed to this testimony, yet we do not find that this failure to object constituted a waiver of the point previously taken in the statement of counsel to the jury. The court having permitted counsel to state what he expected to prove, and overruled the objection of defendant thereto, it might well be assumed that further objection would be useless. The plaintiff testified to considerable conversation with Wise, to the effect, in part, that he would get the money from the defendant by way of adjustment of what he owed her, in regard to the sale of the feathers, and, further, that her counsel who was looking after that for her was friendly with defendant, and had told defendant that he would lose nothing in the deal.

[7] A check for $80, the purchase price of the feathers, was sent by the defendant, given by plaintiff to her counsel, and by him later returned. Upon receipt of the check it appears that plaintiff executed a receipt which, however, was only in full of all claims against him in regard to the hat ornament purchased, and in refund of which the $80 was being paid. There appears to have been correspondence between her counsel and de-

fendant in regard to the payment of the $80 as refund of the purchase price. Neither the receipt nor the check purported to be in settlement of any claim for damages growing out of any slander action, nor is it made to appear, except by the hearsay testimony of plaintiff as to what Wise told her, that the defendant made any improper effort to influence her counsel. We are unable, therefore, to see the relevancy of all this testimony, and the conversation with Wise was, of course, objectionable as being mere hearsay. There was, however, no objection here interposed.

But upon redirect examination plaintiff testified that she went to the office of her counsel, and was asked "if he did not deny that he had a frame-up with the defendant." The defendant's objection that the question called for illegal, irrelevant, incompetent, and hearsay testimony was overruled. In answer, the plaintiff stated that she told her counsel, "I thought he was my friend; that he had taken this matter up with me with no mercenary object on my part, and I was certainly surprised that he was going to double-cross me; and I asked him if he really intended to bring suit, and he said certainly he did." The motion to exclude the answer upon the same grounds as interposed to the question was also overruled, and exception reserved to each of these rulings. The question called for a conversation between plaintiff and her counsel, and was objectionable as hearsay. It was answered in such a way as to be most effective in plaintiff's behalf. As previously stated, it was irrelevant to any issue in the cause. The insistence of counsel that the hearsay evidence came within the exception of the general rule, as being introduced for the purpose of establishing the fact that a party relied and acted upon it (10 R. C. L. 959; L. & N. R. R. Co. v. Dilburn, 178 Ala. 600, 59 So. 438) is without merit. It was not admissible upon the theory of explaining a return of the check through her counsel. The check did not purport to be in settlement of any damages here shown to be recovered, and therefore did not constitute any issue in the case. While much illegal evidence had been admitted without objection, this gave no cause for it to be further elaborated, and we are of the opinion the court committed reversible error in this ruling.

· [8] As the cause must be reversed, no occasion arises for a consideration of the opening statement of counsel, which is claimed by defendant as calculated to arouse race prejudice. This court has frequently held an appeal to race prejudice constitutes a most serious breach of the privilege of argument to the jury, and such appeals have met with frequent condemnation by this court. Tannehill v. State, 159 Ala. 51, 48 So. 662;

Anderson v. State, 209 Ala. 36, 95 So. 171; Moulton v. State, 199 Ala. 411, 74 So. 454. We see no occasion for any race question to have been injected into the statement of the case, nor justification therefor, and we will assume that as a matter of course this question will not again arise upon another trial of the cause.

For the errors indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.