(112 So. 365)

SOUTHERN INS. CO. v. TATE. (6 Div. 113)*

Court of Appeals of Alabama. March 22, 1927.

Rehearing Denied April 12, 1927.

Bradley, Baldwin, All & White, of Birmingham, and Hubert S. Lipscomb, of Jackson, Miss., for appellant.

W. A. Jacobs, of Birmingham, for appellee.

RICE, J. ▉ No question is raised for our consideration on the pleadings.

The age of insured was the controlling factor in the case. It was never definitely stated by any witness or party in interest. In view of all the circumstances, we cannot see the fault in the opening statement of plaintiff's (appellee's) counsel, undertaken to be pointed out by appellant. The case of Loeb v. Webster, 213 Ala. 99, 104 So. 25, is not, we think, an authority to the contrary of the view we take.

▉ The questions put by plaintiff's (ap-

pellee's) counsel to the witnesses Rebecca Tate and Harry Tate, the wife and son of deceased (insured), as to their judgment as to deceased's age, seem not to be materially different from questions on the same subject put by appellant's counsel, and for this reason the action of the court in allowing said questions and the answers thereto would perhaps not be erroneous. Morris v. Corona Coal Co., 215 Ala. 47, 109 So. 278.

But, anyway, we think the two witnesses named, by virtue of their long association with deceased, were properly allowed to give their judgment as to his age. Winter v. State, 123 Ala. 1, 26 So. 949.

■ What was said and done by the parties, at the time of the delivery of the check by appellant's agent to appellee, seems to us, in the light of the issues as to an accord and satisfaction, properly admitted in evidence. Consequently, the court did not err in refusing to exclude the statement of appellee's son, who was present and undertaking to assist her.

■ Neither do we think there was error in allowing the question, on cross-examination of the witness Jordan, as to whether he remembered another claim against the same defendant. The purpose of the question was stated. It did not seek the particulars of any other matter. And on cross-examination, as it was, it seems to us not to have been improper.

The motion for a new trial was properly overruled.

We can see nowhere any prejudicial error committed by the trial court, and, the record being in all things regular, the judgment ought to be and is affirmed.

Affirmed.