(128 So. 608)

**BROWN v. LEEK.**

**7 Div. 944.**

Supreme Court of Alabama.

May 29, 1930.

Mullins, Jenkins & Pointer, of Birming-ham, and W. T. Starnes, of Pell City, for appellant.

Frank B. Embry, of Pell City, for appellee.

THOMAS, J.

The trial was had for conversion of timber and trespass in taking timber.

■ There was no error in permitting plaintiff's counsel to put his side of the case to the jury, within reasonable limitations, and to state what he expected the proof would show; not however to introduce immaterial and prejudicial matter before the jury. Rose v. Magro (Ala. Sup.) 124 So. 296;[1] Loeb v. Webster, 213 Ala. 99, 104 So. 25; Southern Ins.

[1] 220 Ala. 120.

Co. v. Tate, 22 Ala. App. 72, 112 So. 365; Id., 216 Ala. 694, 112 So. 918.

■ There was no error in permitting the plaintiff to answer a preliminary question of whether or not her husband was dead. She was merely indicating that she claimed the land by way of a conveyance thereof from the husband (Sovereign Camp, W. O. W., v. Hoomes, 219 Ala. 560, 122 So. 686), and that she had other agents to look after it for her before and at the time of the trespass in question. There is nothing in the insistence that the question and answer were unduly calculated to arouse sympathy for appellee. Coker v. Coker, 209 Ala. 295, 96 So. 201.

■ The plaintiff had testified that she owned or claimed no other lands in the county of St. Clair; that she regularly and yearly paid the taxes thereon. The receipts therefor offered in evidence were relevant. The effect of such evidence was for the jury. Shepherd v. Sartain, 185 Ala. 439, 64 So. 57. They were not in the nature of conclusions, nor were they a substitution for the primary character of written evidence. It was merely a process of going forward with evidence material to the inquiry as to the ownership of the timber on or taken from the land of plaintiff and for which the suit was sought to be maintained. The witness had shown that she acquired conveyance to said lands, regularly assessed the same for taxes each year, paid the required taxes thereon for more than the last ten years, and had no other lands in that county. This made proper the tax receipts as mere or reasonable inferences, supporting her statements and acts of ownership, that if there was sale for delinquent taxes, it was irregular and subject to correction, or of her redemption for the sale for 1909, if a portion of the land had been omitted from that assessment and sold therefor.

■■ Whether the tax receipts were material or not, they were made material. And after admission of the tax receipts for ten years or more, and to the date in question, the plaintiff introduced in evidence the certificate from Frank M. Morris, as tax assessor of said county, to the effect that the lands here in question, describing by government subdivision and numbers, were "not included in the assessments of Watt T. Brown for the years 1910, 1911 and 1912, as shown on the records in the tax office at Ashville, St. Clair County, Alabama." This fact may have been shown by deposition of the custodian of that tax record, and not by his mere certificate. The records are only prima facie evidence and not conclusive as to payment of taxes. Roman v. Lentz, 177 Ala. 64, 71, 58 So. 438. The appellant, himself, without objection gave evidence as to what assessments the tax records show, and stated that he had a certified copy of that assessor of the tax book which showed he had assessed the land "in 1913 on up, and

every year has been paid and assessed." And the tax receipts, whether material or not, should be established as required by law.

If there was error in admitting the certificate of the tax collector as to negative fact by plaintiff, this was not to the effect that the first ruling was without injury by reason of appellant showing the assessments in succeeding years. It was not of the same character of illegal evidence. Gibson v. Gaines, 198 Ala. 583, 73 So. 929. In this ruling there was reversible error, unless it was within the rule as to inspection of many books and papers, the examination of which could not be conveniently taken in court. Hurst v. Kirby, 213 Ala. 640, 105 So. 872; Sovereign Camp, W. O. W., v. Hoomes, supra. If Tax Collector Morris had been under oath and testifying, he may have been within the last stated rule. His certificate as an official and custodian is not authorized by the statute. Adams v. Central of Georgia Ry. Co., 198 Ala. 433, 436, 73 So. 650; Ramage, Parks & Cô. v. Folmar, 219 Ala. 142, 121 So. 504; Code, § 7681.

We find no reversible error in the examination of the witness Daffron as to the measure of damages or market value of the heading timber at the time or immediately thereafter at the place of its severance, if any, or that of its place of sale, shipment for sale, or manufacture. Gowan v. Wisconsin-Alabama Lumber Co., 215 Ala. 231, 110 So. 31; Ivey v. McQueen, 17 Ala. 408.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.