274 So.2d 356

**Jack HOLT**

v.

**STATE.**

**7 Div. 196.**

Court of Criminal Appeals of Alabama.

Dec. 12, 1972.

Rehearing Denied Jan. 23, 1973.

William J. Baxley, Atty. Gen., and Samuel L. Adams, Special Asst. Atty. Gen., for the State.

Hanes & Hanes, Birmingham, for appellant.

TYSON, Judge.

The indictment charges the appellant with unlawfully buying, receiving, concealing, or aiding in concealing eight Pirelli tires and eight truck wheels of the value of $1400.00, being the personal property of Gerald Moore, knowing same to have been stolen. The Jury found the appellant guilty as charged, and judgment set sentence at nine years imprisonment in the penitentiary.

Gerald Thomas Moore testified that he was a pulpwood and logging contractor with his principal operation being in Clay County, Alabama, where he was cutting timber in August, 1971, for Birmingham Forest Products Company. He testified he

had a truck, a 1969 model GMC tractor, and trailer on which he had purchased new Pirelli Radial tires for which he had paid $152.00 each, having purchased same from Tire Engineers Company in Birmingham, Alabama. He further testified that the initials MP were stenciled onto each tire and wheel by Tire Engineers Company, and that he took down the serial numbers of each tire which he kept in his office records. He testified further that he had these trailers loaded on the job in Clay County, Alabama, and when the drivers reported to work one morning around the middle of August, 1971, the tires and wheels had been removed. He testified further that he reported this to the Sheriff's Office in Clay County, and that the sheriff came over and investigated. He testified that about one week later, on August 24, 1971, he, accompanied by Deputy Sheriff Bill Davenport of the Shelby County Sheriff's Department, went to Calera, Alabama, where he found a tractor and trailer which was identified by him as belonging to appellant, and on which were eight of the Pirelli tires and wheels which had been missing. Mr. Moore testified that he examined the tires and wheels, and found the stencil MP on each and also examined their serial numbers and found they were part of the tires and wheels which had been taken about a week earlier from his equipment on a job in Clay County. He testified that the appellant had these tires and wheels removed from the tractor and trailer and returned to him. He further testified that several days later the appellant came to him personally and brought back two more tires and wheels which also were marked with a stencil and the serial numbers corresponded with those which had been taken. He testified that all of this was more than $1400.00 in value, and the lists containing the serial numbers of the missing tires and wheels were placed in evidence.

Bill Davenport, a deputy sheriff of Shelby County, testified that on August 24, 1971, he went with Mr. Gerald Moore to Highway 31, just north of Calera, where a Kenwood tractor and trailer was stopped. The driver of the tractor was a Kenneth Sizemore, who testified that he was a driver for the appellant, Jack Holt. He stated that he was accompanied by Mr. Gerald Moore who identified the tires and wheels as being a part of his missing property. He stated that this property was located in Shelby County on August 24, 1971. Mr. Davenport further stated that the driver, Kenneth Sizemore, told him that he was employed as a truck driver for the appellant, Jack Holt.

Sheriff C. P. (Red) Walker of Shelby County testified that he had a conversation with the appellant, Jack Holt, on August 24, 1971, at his office. He stated that Mr. Gerald Moore was present with him at this time, and that after fully advising the appellant of his Miranda rights (this is stipulated to by the appellant), the appellant stated to him that he had purchased the tires and wheels in question from Charles Vickery and Kenneth Richey and authorized that the eight Pirelli tires and wheels be released to the Sheriff's Office for delivery to Mr. Moore, and that this was done. The appellant further stated that he in fact did own the truck and trailer on which the missing equipment was located, and that this tractor and trailer were subsequently released to the appellant.

Russell Sizemore testified on August 24, 1971, he was employed by Mr. Gerald Moore to drive a truck for him on some logging work, which was being done in Clay County, Alabama. He stated that he had known the appellant, Jack Holt, for about a year prior to that time, and at one time had driven a truck for him. He further testified that during July, 1971, he had gone to the appellant's place of business in Jefferson County, Alabama, and that the appellant had offered him $75.00 for each tire and wheel on equipment belonging to

Mr. Moore. He stated that there were eight tires and wheels on the trailer at this time, and that these were Pirelli tires which had recently been purchased by Mr. Gerald Moore. He stated that Kenneth Richey and one other man were present at the time the appellant stated he wanted to "buy these." Mr. Vickery further testified that he and Mr. Richey took these tires and wheels to the appellant's place of business in Jefferson County where they received $400.00 as part payment from the appellant himself. On cross-examination Mr. Vickery stated that he was presently being held in Draper Correctional Center on a sentence for buying, receiving, or concealing the tires in question. Mr. Vickery's statement was corroborated by Harold E. Walden. At the close of the State's evidence, the appellant moved to exclude same.

Russell Sizemore testified on behalf of the appellant that the appellant was operating three tractors and trailers in his trucking business during August, 1971, and that he had Pirelli tires on each of his tractor-trailers at this time, and that he was employed as a driver by the appellant.

The appellant testified in his own behalf that he was operating three Kenwood truck-tractors and trailers, hauling coal during August, 1971, from Cullman County to St. Clair County. He testified that he had bought new Pirelli tires for his equipment from Tire Engineers Company in Birmingham, which was the Pirelli tire dealer there. He testified that he did have a conversation with Kenneth Richey and Charles Vickery pertaining to the purchase of some tires and wheels, but that they told him that they had a connection in Michigan from whom they could purchase these almost like new tires because they had no traction on ice or snow, and therefore were not as desirable for use in that part of the United States. He stated that about six weeks later they did come back with some Pirelli tires and wheels which they told him they had obtained in Michigan and that he paid them $1000.00 for these, giving them $400.00 then and paying them $600.00 at a later date. Mr. Holt admitted on cross-examination that he had one conviction under the Dyer Act in Federal Court in 1958.

The State called Howard Fred Johnson, Jr., as a rebuttal witness. He stated that he and his father owned and operated Tire Engineers, Inc., in Birmingham. He stated that he had known the appellant, Jack Holt, for several years, but that he had never sold Pirelli tires and tubes to him. He stated that Mr. Holt had purchased some retreads from him.

I

The appellant raises two issues on his appeal. He first avers that his motion to exclude should have been granted because there was no jurisdiction in the Circuit Court of Shelby County to hear this case since venue of the offense was not established in Shelby County. Title 15, Section 98, Code of Alabama 1940, Recompiled 1958, reads as follows:

"*Carrying stolen property into another county.*—When property is stolen in one county and carried into another, the jurisdiction is in either county."

■ Under this section, the Supreme Court of Alabama has held that the jurisdiction of the offense of buying, receiving, concealing, or aiding in the concealing of stolen property may be inferred from the facts and circumstances established, and that the offense in question being ambulatory that where, as here, the stolen property is taken into another county, jurisdiction lies in either county. Milam v. State, 240 Ala. 314, 198 So. 863.

Under the facts, as herein set forth, we are of the opinion that the trial court correctly determined that the evidence being

in conflict, the motion to exclude was properly overruled and the trial judge properly submitted this matter to the jury for their determination. Johnson v. State, 41 Ala.App. 351, 132 So.2d 485; Paul v. State, 48 Ala.App. 396, 265 So.2d 180, cert. denied 288 Ala. 747, 265 So.2d 185, and cases cited.

## II

The appellant further contends that the following questioning of the State's witness, Charles Vickery, constitutes reversible error.

"Q  Charles, where are you presently located at this time?

"A  You mean, right now?

"Q  Where you were up until a couple of days ago?

"A  Draper Correction Center.

"Q  Now, Charles, you are paying your debt to society, are you not?

"MR. HANES: Your Honor, we object to that.

"THE COURT: Sustained.

"MR. WALDEN: I don't know what else you could call it, if he is not paying his debt to society.

"THE COURT: That has been sustained, Mr. Walden.

"MR. WALDEN: THAT IS ALL.

\*     \*     \*     \*     \*     \*

CROSS EXAMINATION BY

"MR. ARTHUR HANES, JR.:

"Q  Draper Correction Center is a prison, is it not?

"A  Yes, sir.

"Q  Were you sentenced for stealing these tires?

"A  No, sir, buying and receiving.

"Q  And not for Grand Larceny?

"A  No.

"Q  Let me ask you this, Charles, how long have you been in the penitentiary?

"A  Well, the twenty-first of this month will be eight months.

"Q  How long were you sentenced?

"A  Seven years."

■ Where, as here, the appellant did nothing further than to object, and such objection was sustained, and an admonishment given by the trial court, and the appellant did not move to exclude such argument or comment, nor move for a mistrial, or invoke a further ruling by the trial court, no question is here presented for review. Simon v. State, 181 Ala. 90, 61 So. 801; Robinson v. State, 243 Ala. 684, 11 So.2d 732; Elliott v. State, 19 Ala.App. 263, 97 So. 115; Hall v. State, 24 Ala.App. 75, 130 So. 531; Veith v. State, 48 Ala. App. 688, 267 So.2d 480, and cases cited.

Moreover, in light of the questions asked the witness by the defense counsel, we do not consider such prejudicially erroneous. Patterson v. State, 45 Ala.App. 229, 228 So.2d 843.

We have carefully examined the record in the case at bar, Title 15, Section 389, Code of Alabama 1940, Recompiled 1958, and find same to be free from error. The cause is due to be and the same is hereby

Affirmed.

All the Judges concur.