383 So.2d 863 (1980)
Patricia KILPATRICK
v.
STATE.
6 Div. 137.
Court of Criminal Appeals of Alabama.
February 5, 1980.
Rehearing Denied March 18, 1980.
*864 Sherman B. Powell, Jr., Decatur, for appellant.
Charles A. Graddick, Atty. Gen., Sarah Kathryn Farnell, Asst. Atty. Gen., for appellee.
JOSEPH J. MULLINS, Retired Circuit Judge.
The appellant, Patricia Kilpatrick, was indicted by the Grand Jury of Cullman County on an indictment containing two counts; count no. 1 charging her with grand larceny and count 2 charging the offense of buying, receiving, and concealing stolen property. The property was described in both counts as, "One Remington Wingmaster Pump Shotgun, Model No. 870, Serial No. S 75 3383V, of the value of $140.00, the personal property of Elvie Brown." Appellant entered a plea of not guilty. Appellant was found guilty of buying, receiving or concealing stolen property by a jury, and duly sentenced to three years in the penitentiary and made application for probation. Appellant filed a motion for a new trial which was duly overruled and she gave notice of appeal to this Court.
The appellant was represented by counsel of her choice at all proceedings in the trial court and is so represented in this Court. This appeal was submitted to this Court on briefs.
The appellant in her brief contends that the trial court erred to her prejudice on two grounds: First, by refusing to grant appellant's motion to dismiss count 2 charging buying, receiving or concealing stolen property for failure of the State to prove venue in Cullman County; second, by refusing to grant appellant's motion to dismiss for failure of the State to meet the requisite burden of proof. Both issues are properly raised by the record.
State's evidence tended to prove that Elvie Brown lived in a house at Route Number 2, Vinemont, Alabama, in Cullman County; that the appellant's address was P. O. Box 63, Vinemont, Alabama; that Brown's house was secured and it was locked, and that he had in his possession several guns in his house when he left to go to the Panama Canal Zone on or about the 7th. or 8th. of July, 1978; that among the guns that he had in his house was a Remington Wingmaster 870 Pump Shotgun, Serial No. S 753383V, of the value of $140.00 that he had gotten from his brother; that when he returned to his home about the 15th. or 16th. of August, 1978, he found the screens were removed from the back and front doors; the back door had a hole cut under the door; the guns, seven fishing rods, cameras, and binoculars that he had in his home when he left to go to the Canal Zone were missing; that on the 25th. of August, 1978 he was at the Penn Gun Store in Hartselle, in Morgan County, Alabama, and found, and identified the Remington Wingmaster Pump Shotgun that had been taken from his home; that after he made sure the serial number was right he called the county officers and told them he had found his gun and where it was; that soon after August 25, 1978 Officer Spradlin handed him the gun in the sheriff's office for identification; that the gun was returned to him; that the gun was in a gun case and had been in Brown's possession for *865 a year and a half, and he identified it as one taken from his home; that embedded in the bottom of the gun case was state's exhibit 1, a card that had the serial number of the gun on it and other information describing the gun.
State's evidence further tended to prove that on July 29th., 1978 Dennis Spradlin, an investigator for the Cullman County Sheriff's Department, went to the home of Elvie Brown in Cullman County at 8:50 A.M. and examined his house; that Spradlin found the screen on the back door ripped off the door, being cut open with a knife or sharp instrument around the door knob, vertically; there was damage in the bathroom, kitchen, and bedroom, the furniture was overturned, drawers were pulled out and clothes out on the floor; that Spradlin obtained a list of property that had been taken from the home of Brown; that on the 27th. day of August, 1978, Spradlin went to the Penn Gunshop in Hartselle, Morgan County, Alabama, and obtained from Mr. Penn a Remington Pump Shotgun in a tan looking case; that Spradlin examined the gun and compared the serial number on it and he examined the gun case and brought the gun and gun case to the sheriff's office where he tore open the end of the case and removed state's exhibit 1 which is a registration card for a military base describing the gun, who it belongs to, the make, model, serial number and the gauge of the gun; that the serial number in the case coincided with the serial number on the gun, and with the serial number and description of the gun Spradlin obtained from Mr. Penn; that Officer Spradlin kept the gun and case for a short period and released them back to Mr. Brown; that in the latter part of August or first part of September, 1978, Spradlin requested that appellant come to the Sheriff's Department, which she did, and before talking with her, Spradlin advised her of her rights and she stated that she understood them; that appellant stated that she bought the gun at the Flea Market at Lacon, that she did not know who she bought it from, she could find out; that Spradlin advised her to find out and contact him in two weeks, which appellant said she would, and Officer Spradlin heard nothing from her until he arrested her two weeks later.
State's evidence further tended to prove that Mr. O'Neal Penn owned and operated Penn Sales Company in Hartselle, Morgan County, Alabama, where he bought and sold guns; that he knows the appellant and had only known her since he bought a gun from her August 2nd., 1978 for ninety dollars; that she signed a slip of paper identified as state's exhibit number 2 when he bought the gun from her; that on state's exhibit number 2, in handwriting, is the following: "8/2/78 1 Rem 870 12 GA Ser-S753383V Patricia W. Kilpatrick P. O. Box 63, Vinemont, AlaPatricia Kilpatrick;" that when the appellant sold Mr. Penn the gun, he asked her why she wanted to sell it, and she said her husband died and she needed the money; that Mr. Penn did not know her husband and had never seen him until the day of appellant's trial; that Mr. Penn asked appellant to see her driver's license and he looked at it; that on the 28th. of August, 1978 Mr. Spradlin, in his capacity as a police officer, came to Penn's place of business and Mr. Penn turned the gun over to him and Mr. Spradlin gave him a receipt for it, defendant's exhibit A; that Mr. Penn showed him the receipt that appellant had signed.
The testimony of appellant's husband, Harrold Kilpatrick, a witness for the appellant, tended to prove that he had been married to the appellant about ten years; that around the middle of July, 1978 he purchased a pump shotgun at the Flea Market in Lacon, Alabama, in Morgan County; that he was a carpenter and was at the Flea Market looking for a miter box; that a guy there was trying to sell the gun and Mr. Kilpatrick looked at it and bought it for seventy-five dollars and took it to his home; that Mr. Kilpatrick kept the gun at his home for about a month; that he gave the gun to the appellant and she took it and left with it; that about two weeks before appellant was arrested Mr. Kilpatrick and the appellant, at the request of Mr. Spradlin, went to his office to talk to him; that he *866 gave Mr. Spradlin a description of the man he bought the gun from; that Mr. Kilpatrick was unable to find the person he bought the gun from and in about two weeks the appellant was arrested.
The appellant testified on her behalf and her evidence tended to prove that Mr. Kilpatrick who had just testified was her husband, and she had been married to him eleven years; that she got the gun from her husband and took it to Penn's Gun Sales and sold the gun to Mr. Penn for ninety dollars; that she stated to Mr. Penn that she had a gun in the car, and that she would like for him to look at it, and she went to the car and brought the gun in for Mr. Penn to look at before he bought it; that she showed him her driver's license, and signed state's exhibit number 1 and told Mr. Penn where she lived; that when she sold the gun, she took the ninety dollars home and gave it to her husband; that she did not break in Mr. Elvie Brown's home and steal the gun, and does not know who did; that she did not know the gun was stolen, and had no reason to believe that it was; that she was not with her husband at trade day when he bought it; that she went to the sheriff's office the next morning after Mr. Spradlin called her and answered all his questions about the gun; that she told Mr. Spradlin that her husband bought the gun, and that she sold it to Mr. Penn; that she does not deny she had the gun and sold the gun.
We consider appellant's first contention with reference to venue. State's evidence is sufficient to sustain the jury verdict that the property was the property of Elvie Brown, that it was recently stolen in Cullman County, Alabama, that it was in the possession of the appellant whose address was Vinemont, Alabama, P. O. Box 63, that the appellant had possession of it at Mr. Penn's Gun Store in Hartselle in Morgan County, Alabama, that she sold the gun in Morgan County.
Larceny, and buying, receiving and concealing stolen property are ambulatory offenses under the decision of the Supreme Court of Alabama. Where property is stolen in one county and carried into another, venue is in either county. Code of Alabama, 1975, Sec. 15-2-9; Milam v. State, 240 Ala. 314, 198 So. 863; Holt v. State, 49 Ala.App. 582, 274 So.2d 356; certiorari denied, 290 Ala. 367, 274 So.2d 360; Weeks v. State, Ala.Cr.App., 346 So.2d 1181.
We hold that under the facts in this case venue was proper in Cullman County.
Appellant contends that the evidence was not sufficient to sustain the jury verdict finding the defendant guilty under count 2 of the indictment. The essential elements of the crime of buying, receiving or concealing stolen goods are: 1. That the property described in the indictment had been feloniously taken and carried away as charged in the indictment; 2. And that the defendant bought, received, concealed or aided in concealing the property, knowing at the time it was stolen, or having reasonable grounds for believing at the time that it was stolen; 3. And at the time she so bought, received, concealed, or aided in concealing, the property, knowing that it was stolen, or having reasonable grounds for believing at the time that it was stolen, she did not have the intent to restore the property to the owner. Code of Alabama, 1975, Sec. 13-3-55; Walker v. State, Ala.Cr.App., 355 So.2d 755; Scott v. State, 55 Ala.App. 318, 314 So.2d 921; Waters v. State, Ala.Cr.App., 360 So.2d 358; certiorari denied, Ala., 360 So.2d 367.
When sufficient evidence is produced to prove the foregoing three elements, and the defendant has possession of the stolen property soon after the theft and is unable to give a satisfactory explanation of her possession, the jury may infer guilt. We hold that under the facts in this case the guilt or innocence of the appellant was a question for the jury. Character v. State, 51 Ala.App. 589, 287 So.2d 916; Weeks v. State, Ala.Cr.App., 346 So.2d 1181; Holt v. State, 49 Ala.App. 582, 274 So.2d 356; certiorari denied, 290 Ala. 367, 274 So.2d 360; Milam v. State, 240 Ala. 314, 198 So. 863.
As provided by Alabama Code, 1975, Title XX-XX-XXX, we have searched the record for *867 any other errors prejudicial to the appellant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act. # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
HARRIS, P. J., and TYSON and DeCARLO, JJ., concur.
BOOKOUT, J., concurs specially.
BOWEN, J., joins in special concurrence.
BOOKOUT, Judge, concurring specially:
I concur with the majority because the appellant resided in Vinemont in Cullman County. She therefore possessed the stolen property in Cullman County before taking it to Morgan County to sell it. Venue was sufficiently proven as being in Cullman County by State's Exhibit No. 2, the receipt she signed showing her address to be in that county.
I do not however want to be understood as agreeing with the inference which could be drawn from the majority opinion that buying, receiving, and concealing stolen property is an ambulatory offense in all cases. Sledge v. State, 40 Ala.App. 671, 122 So.2d 165 (1960), is a very valid and important exception to the general rule announced in the majority opinion. Where property is stolen in one county by one party and taken to another county and sold to a second party who had no connection with the theft, the second party cannot be tried in the county where the theft was committed absent some proof connecting him with the theft or possession in that first county. Section 15-2-9, Code of Ala. 1975, does not have universal application in buying, receiving, and concealing cases. That principle is recognized in a careful reading of Milam v. State, 240 Ala. 314, 198 So. 863 (1940), although Milam is often cited in support of the "boiler plate" proposition that buying, receiving, or concealing, etc., is an ambulatory offense.
BOWEN, J., joins in the above.