(92 South. 666)
**PYNES v. STATE. (4 Div. 921.)**

(Supreme Court of Alabama. Feb. 9, 1922. Rehearing Denied April 27, 1922.)

**1. Criminal law ⊜423(5)—Evidence of statement of codefendant heard at time of homi-. cide admissible as part. of the res gestæ in view of evidence of conspiracy.**

In a prosecution for murder, testimony of wife of deceased, disclosing her familiarity with voice of one codefendant sufficient to show identification, that she heard the shooting and at same time heard codefendant say in loud tones, "Pour it in him," was admissible as a part of the res gestæ in the light of proof tending to show a conspiracy among accused and codefendants to kill deceased.

**2. Criminal law ⊜448(3)—Evidence of opinion as to uncommunicated motive on part of deceased inadmissible.**

. In a prosecution for murder, it was not error to exclude evidence of the opinion of wife of deceased as to an uncommunicated motive on part of deceased.

**3. Criminal law ⊜423(5)—Remarks of codefendant heard at time of homicide admissible.**

In a prosecution for murder, the admission of testimony that at the time of the shooting the witness heard codefendant say, "Shoot him again, Searcy," was not erroneous.

**4. Criminal law ⊜423(5)—Evidence that gun with which codefendant struck deceased was broken admissible.**

In a prosecution for murder, where accused admitted the killing, but insisted that it was justifiable on the theory of self-defense,

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and that he alone fired the fatal shots, it was not error to admit testimony that the gun broke when one of codefendants struck deceased on the head with it.

**5. Homicide ⊕158(1) — Evidence of threats by defendant against deceased held competent.**

In a prosecution for murder, it was clearly competent for the state to prove threats made by defendant against deceased.

**6. Homicide ⊕163(1)—Evidence as to drinking habits of deceased properly excluded.**

In a prosecution for murder, where there was no evidence that deceased had been drinking, evidence that he was bad about drinking was properly excluded.

**7. Witnesses ⊕267—On cross-examination much is left to discretion of court.**

On cross-examination much is left to the discretion of the trial court.

**8. Homicide ⊕174(6)—Testimony that piece of gun stock was found close to body of deceased held admissible in view of evidence that deceased was hit by gun.**

In a trial for murder, where there was evidence of a conspiracy among accused and codefendants to kill deceased, and that after he was shot by accused one of codefendants broke the gun over the head of deceased, testimony that a piece of the gun stock was found on the ground close to where head of deceased was lying on the road was admissible.

**9. Criminal law ⊕338(4, 5)—Question as to whether witness for accused was jailed charged with shooting improper.**

In a trial for murder, where mother of accused testified in his behalf, the question of defendant on redirect examination as to whether she had been placed in jail charged with the shooting was irrelevant and improper.

**10. Criminal law ⊕406(2)—Statement of accused voluntarily made admissible.**

In a trial for murder, a statement of accused, voluntarily made, was admissible.

**11. Criminal law ⊕478(1)—Witness held qualified to give opinion that empty shell had been recently fired.**

In a trial for murder, *held* that witness who testified that in his opinion the empty shell taken from pistol of deceased had not been recently fired was sufficiently qualified.

**12. Criminal law ⊕683(1)—Testimony held admissible in rebuttal to impeach codefendants, who denied participation in crime.**

In a prosecution for murder, evidence that a few minutes after shooting one of codefendants hid the broken gun which had been used in the killing, taking the gun from a chair in house of brother, where another codefendant had placed it, was admissible in rebuttal to impeach the testimony of codefendants that they had not participated in the crime.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Searcy Pynes, alias, was convicted of murder in the first degree, and he appeals. Affirmed.

R. C. Williams and Reid & Doster, all of Dothan, for appellant.

The court should have quashed the indictment. Minor, 28; 40 Ala. 24; 26 Ala. 40, 62 Am. Dec. 711. Counsel discuss other assignments of error, with citation of authority, but, as they are not treated by the court, they are not here set out.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

GARDNER, J. Appellant was jointly indicted with his brothers Edgar and Fair Pynes for the murder of one Harvie McRane, but separately tried. He was convicted of murder in the first degree, and his punishment fixed at life imprisonment. Edgar Pynes was convicted of murder in the second degree, and sentenced to 25 years' imprisonment, and he also appeals; some of the questions involved upon such appeal being common to those here presented. These questions need not be here noted, but the ruling in the case of Edgar Pynes v. State (Ala. Sup.) 92 South. 663,[1] this day decided, will suffice for an answer thereto.

[1] The evidence for the state tended to show that a conspiracy existed among the three brothers to kill the deceased, and that while the deceased was traveling the public road in search of his dog he was shot with a pistol by appellant, and was also shot by Edgar Pynes, falling in the road, where he soon expired. The evidence for the state further tended to show that Edgar Pynes after shooting the deceased struck him on the head with the stock of a gun, breaking it. The killing occurred near their respective homes. The wife of the deceased testified that she heard the shooting, and that just at this time she heard the voice of Edgar Pynes saying in a very loud tone, "Pour it in him." The testimony of this witness itself discloses her familiarity with Edgar Pynes' voice, sufficient to show identification, without further proof in this respect; and this evidence was admissible as a part of the res gestæ in the light of proof tending to show conspiracy as aforestated. Beech v. State, 203 Ala. 529, 84 South. 753.

[2] Nor was there error in the court sustaining the objection of the state to the question asked the wife of deceased on cross-examination as to why the deceased should go to Pynes' house to hunt the dog. This called for a mere opinion of the witness, as to an uncommunicated motive on the part of the deceased.

---

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 395.

[3-8] There was no error in permitting the witness Rogers to testify that at the time of the shooting he heard Fair Pynes say, "Shoot him again, Searcy," as what we have previously said concerning the declarations of Edgar Pynes is equally applicable to this objection. The same question was also presented in the testimony of Eldora Williams. The remark of special counsel for the state, which was made during the cross-examination of this last-named witness so clearly presents no reversible error that it needs no discussion at our hands. There was no error in permitting on redirect examination by the state witness Rogers to answer that the gun broke when the deceased was struck with it. The defendant in this case admitted shooting the deceased, and claims he alone fired the fatal shots, but insists that it was justifiable, on the theory of self-defense. It was clearly competent for the state to prove threats made by the defendant against the deceased. Nor was reversible error shown in sustaining the objection to the question asked witness Prevalt on cross-examination as to whether or not the deceased was bad about drinking. There was no evidence tending to show that the deceased was drinking. Upon cross-examination much is left to the discretion of the trial court. It was also competent for the state to prove that "a piece of the gun stock" was found on the ground about four feet from where the head of deceased was lying in the road. This tended strongly to corroborate the testimony of the state as to what occurred at the time the deceased was killed.

[9] The mother of defendant testified in his behalf, and upon redirect examination the court sustained the state's objection to the question asked the witness by defendant as to whether or not she had been placed in jail charged with the shooting. The objection was properly sustained, as the question was entirely irrelevant.

[10] The testimony of both witness Hall and defendant clearly shows that the statement made by defendant to Mr. Hall, who represented a newspaper published in Dothan, was voluntarily made, and the objection to this testimony was properly overruled.

[11] The witness Watford sufficiently qualified himself to be enabled to testify that in his opinion the empty shell taken from the pistol of deceased had not been recently fired.

[12] In rebuttal the state offered the witness Rufus Rogers, who was permitted to testify, over defendant's objection, that a few minutes after the shooting Fair Pynes hid the broken gun, which had been used on this occasion in the back part of the field; that he took the gun from a chair in the house of Ben Pynes, where Edgar Pynes had placed it. Both Edgar and Fair Pynes had testified in the cause, denying any participation in the killing, or that they had any gun, and in direct contradiction of the evidence offered by the state, particularly that of witness Rogers; and this evidence was admissible by way of impeachment of these codefendants who testified in behalf of this appellant. As above stated, this testimony was offered by way of rebuttal, and the question is to this extent differently presented from the manner of its presentation in Edgar Pynes v. State, supra.

Very few questions in regard to evidence are found in the record which have not been considered, but are not of sufficient importance to be given separate treatment. They have been most carefully considered by the court in consultation, and we find nothing in them calling for a reversal of the cause.

There appearing no reversible error, the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.