179 So. 395

## EPPS v. STATE.

### 7 Div. 336.

Court of Appeals of Alabama.

Feb. 22, 1938.

·Chas. Thomason, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

**SAMFORD, Judge.**

It is first contended by appellant that the defendant was not duly arraigned on his trial in the circuit court. Of course, if there had been no arraignment and no plea, such fact would have been fatal on appeal. But, the record proper shows the arraignment and the plea of the defendant; in fact, shows everything that is necessary to support the conviction. This is a matter that must be shown by the record proper and not by the bill of exceptions; hence, if the recitals of the record proper and those of the bill of exceptions differ as to this matter, the recitals of the record proper must control. If there was no arraignment and plea, the recitals of the record proper to this effect should have been corrected by appropriate proceedings and cannot be corrected on appeal. Howard v. State, 165 Ala. 18, 50 So. 954.

It is next contended that the court erred to a reversal in permitting the jury to disperse without the consent of the defendant. On this question, the bill of exceptions recites:

"After the jury was struck, and twelve jurors were selected for the trial of the case, by the usual method of alternative striking by the attorneys for the State, and by the attorney for the defendant of names from the list of jurors prepared and furnished to counsel by the clerk, counsel for the defendant requested that they be held together over night, and the court allowed them to be dismissed, the defendant excepted thereto."

The court then said:

"Let the record show that just before adjourning time the jury was struck to

try this case, and after the jury was struck and before the jury was called around to take a seat in the box, and before the names of jurors to try this case were disclosed the court was advised by the attorney representing the defendant that he would request the jury to remain together, at which time the court stated that he would not call the jury around in view of the fact that. it was already adjourning time and no further proceedings were taken in the case."

 The striking of the jury, as above indicated, and before arraignment and plea, and before the jury was placed in the jury box, was preliminary to the trial and not its beginning. No jeopardy attaches in a criminal case until the jury has been impaneled, sworn, and the indictment read and pleaded to by the defendant. If, after this time, the trial is interrupted by an improper discharge of the jury or other sufficient legal cause, jeopardy attaches. Murray v. State, 210 Ala. 603, 98 So. 871; Prince v. State, 140 Ala. 158, 164, 37 So. 171; Scott v. State, 110 Ala. 48, 50, 20 So. 468.

The rule with reference to the separation of the jury pending the trial in felony cases declared in Williams v. State, 26 Ala.App. 531, 163 So. 663, and in similar decisions by the Supreme Court and this court have no application in the case at bar. The word "pending" as used in these decisions is not an adjective but is a preposition, and is synonymous with "during." The striking of the jury under the direction of the court and before arraignment and plea is not done pending or during the trial, but is preliminary thereto.

After arraignment and plea, the defendant's counsel was permitted to make a statement to the jury of what he expected to prove. Replying to this, the solicitor said: "Gentlemen of the jury, what he says he can prove just grows from a fertile imagination." The statement of the solicitor was simply a denial of the facts as stated by defendant's counsel and was dependent upon the proof adduced by the witnesses. This point was made clear by the court and did not constitute error.

The above remark was not made in way of an arraignment nor as a part of the solicitor's address to the jury on the evidence, but was made in reply to a preliminary statement made by defendant's counsel.

On the motion for a new trial one of the grounds stated was that the court reprimanded defendant's counsel in the presence of the jury, thereby prejudicing defendant's cause. And, in support of this contention, we are cited several decisions of this court.

While the reprimand was severe as alleged, there is no proof appearing in the bill of exceptions taken thereto to sustain the ground as stated in the motion for a new trial.

As required by statute, we have examined other exceptions reserved on the trial and in them we find no error.

The judgment is affirmed.

Affirmed.