107 So.2d 59 (1958)
Claudia KENNICK, Appellant,
v.
STATE of Florida, Appellee.
No. A-80.
District Court of Appeal of Florida. First District.
December 2, 1958.
J. Robert Durden, Daytona Beach, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
STURGIS, Chief Judge.
The appellant, Claudia Kennick, was convicted of second degree murder, from which she appeals.
After the prospective jurors had been accepted by the state and the defendant on the morning of the scheduled trial, they were informed by the court of a delay occasioned by the absence of a state witness and were excused until a time fixed in the afternoon of that day. The defendant immediately requested the court to cause the *60 prospective jurors to be sworn to try the issues and to caution them not to discuss the case among themselves or allow anyone to discuss it with them during the interim period, which request was denied on the insistence of the prosecution that to do so would place the defendant in jeopardy, thus prejudicing the prosecution if the missing witness did not appear. The jurors separated and dispersed until the appointed time, and upon reconvening court the trial judge announced that he had decided to dismiss the prospective jurors until the following morning, but did not admonish them regarding their conduct in the interim. The defendant then requested that the jury be sworn to try the case and the request was refused. Court reconvened at the appointed time, the jury was sworn, and the trial proceeded. It does not appear that any effort was made to further examine the prospective jurors, to challenge the panel, or to show misconduct on the part of any juror.
Error is assigned to the refusal of the court to cause the prospective jurors to be sworn to try the issues and instructed in accordance with defendant's requests made prior to commencement of the trial, and in refusing to include certain of defendant's requested instructions in the general charge to the jury. Appellant's brief does not argue the assignments of error addressed to the latter proposition and the same are treated as abandoned.
It is fundamental that in the absence of a controlling statute or overriding rule of procedure the method of conducting a trial is within the reasonable discretion of the trial court. Alford v. Barnett Nat. Bank of Jacksonville, 137 Fla. 564, 188 So. 322; Romano v. Palazzo, 83 Fla. 243, 91 So. 115; Tully v. State, 69 Fla. 662, 68 So. 934. There being no statute or rule to the contrary, and no abuse of discretion being shown, we will not disturb the discretion exercised by the trial judge in not requiring the jury to be sworn until it was determined whether the missing state witness would be able to appear.
The term "jury" relates to the body or group that is finally sworn to try the issues in a particular case, while the term "juror" relates to the individual members of the jury. Jeopardy does not attach to a defendant until a jury has been impaneled and sworn to try the issues. Burnes v. State, 89 Fla. 494, 104 So. 783. The ability to change the composition of a prospective jury is available until it is sworn to try the issues.
Appellant contends that F.S. § 918.06, F.S.A., prohibits the prospective jurors from being separated without being admonished as therein provided, viz.:
"The court in its discretion may direct that the jurors, when they leave the jury box at any time before the cause is finally submitted to them, be permitted to separate or be kept together in charge of a proper officer. In either event the court shall admonish them that it is their duty not to converse among themselves, or with any one else, on any subject connected with the trial, or to form or express any opinion thereon until the cause is finally submitted to them. If the court permits the jurors to separate it shall also admonish the jurors not to view the place where the offense appears to have been committed."
It will be seen that the statute affords discretionary power to the judge to allow jurors to separate before the cause has been finally submitted to them. This power has been sustained in respect to a jury sworn to try the issues. Holloway v. State, 156 Fla. 135, 22 So.2d 644. It is generally held in other jurisdictions (absent statutory authority) that the same discretion exists where a prospective jury is permitted to separate prior to the time it has been sworn to try the cause. See Epps v. State, 28 Ala. App. 105, 179 So. 395; People v. Schanda, 352 Ill. 36, 185 N.E. 183, Riddle v. State, *61 Okl.Cr.App., 223 P.2d 379. Under the circumstances of this case it was unquestionably within the power of the court, and perhaps the better practice, to admonish the prospective jurors as the defense requested. However, the admonition called for under F.S. § 918.06, F.S.A., is mandatory only in its application to the jurors finally sworn to try the issues.[1]
The facts on this appeal are clearly distinguishable from Raines v. State, Fla., 65 So.2d 558. In that case the issues were finally submitted to the jury, and after it had deliberated at length without reaching a verdict a fifteen hour recess was taken without the prescribed admonishment being given.
The judgment is affirmed.
CARROLL, DONALD, and WIGGINTON, JJ., concur.
NOTES
[1] For related statutes see F.S. §§ 913.11, 919.01 and 919.02, F.S.A.