266 So.2d 902

Calvin SPENCER

v.

STATE.

I Div. 304.

Court of Criminal Appeals of Alabama.

Sept. 12, 1972.

David L. Barnett, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

ALMON, Judge.

A Mobile County Grand Jury indicted Calvin Spencer on February 12, 1971, for robbery. On June 2, 1971, he pled guilty to the indictment and was adjudged guilty by the court. This court on January 26, 1972, reversed that judgment of conviction for non-compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274.

Following this reversal, appellant's trial was reset for February 29, 1972. On that date a jury was qualified, impaneled, and sworn to hear the case. At that point, before any matter was addressed to the jury, the appellant through his attorney made known to the court that he would like to withdraw his plea of not guilty and enter one of guilty. As to exactly what transpired, the record shows the following:

"(Whereupon, a jury panel was brought in, having been previously qualified and struck by the Honorable William D. Bolling in another courtroom.)

"THE COURT: Just for the record, I want the jury sworn in.

"(Whereupon, the jury was sworn to try the issues and the following proceedings were had and done:)

"THE COURT: All right, this is the case of the State of Alabama v. Calvin Spencer, Case No. 24,024. Mr. Barnett?

**648**

"MR. BARNETT: Yes, sir.

"THE COURT: Do you have anything to say to the Court?

"MR. BARNETT: Judge, at this particular time the defendant would like to withdraw his plea of not guilty and enter a plea of guilty."

The trial judge then proceeded to determine whether the plea of guilty was voluntarily and understandingly entered. After this occurred appellant was adjudged guilty by the court and later sentenced to serve seventeen years and nine months in the penitentiary. The jury took no part in determining the sentence.

Appellant contends that the trial judge did not have authority to fix the punishment. He reasons that the trial of the case had begun which rendered Tit. 15, § 277, Code of Alabama, as amended 1958, inoperative and that Tit. 14, § 415, and Tit. 30, § 70, Code of Alabama, 1940, make it mandatory that the jury fix the punishment. The statutes referred to are as follows:

Tit. 14, § 415—"Any person who is convicted of robbery shall be punished, *at the discretion of the jury,* by death, or by imprisonment in the penitentiary for not less than ten years. (Emphasis ours.)

Tit. 30, § 70—"At any time before a special venire has been drawn for the trial of any capital case, if the defendant enters a plea of guilty or in writing waives the right of a special venire, such plea of guilty or such waiver of special venire shall be entered of record, and, in either event, no special jury or venire shall be necessary for the trial of such cause; *but the trial of the cause shall be had and the question of the degree of guilt must be ascertained and the punishment fixed by a jury* to be selected from the panel of regular petit jurors organized by the court during the week such case is set for trial, in the same matter as juries are organized for the trial of felonies not capital; and the

state and the defendant shall be allowed the same number of peremptory challenges as they are respectively allowed in the trial of felonies not capital." (Emphasis ours.)

Tit. 15, § 277—"If a defendant *upon arraignment or prior to trial* pleads guilty, the court, without the intervention of a jury, shall determine the degree of the offense and fix the punishment therefor the same as a jury might fix or impose it if the case was being tried by a jury, unless in the discretion of the trial judge a jury should be impaneled to determine the degree of the offense or to fix the punishment therefor or unless the defendant at the time of entering such plea demands in writing a jury. The court shall not in any event, however, impose capital punishment without the intervention of a jury. Whenever in the discretion of the trial judge a jury should be impaneled or a jury is demanded, in the manner and at the time prescribed above, no special venire need be drawn, but the court must cause the punishment to be determined by a jury, except where the punishment is required by law to be fixed by the court. The court may in all cases in which a plea of guilty is entered, cause witnesses to be examined to ascertain the character of the offense. Nothing herein contained shall be construed as authorizing an accused who has entered a plea of guilty to demand a jury to determine any issue or to fix punishment in regard to any offense unless the right to have a jury determine such issue or to fix the punishment in regard to the offense with which he is charged is granted under some other applicable provisions of law." (Emphasis ours.)

We agree with his reasoning if trial had actually begun. See Headrick v. State, 46 Ala.App. 202, 239 So.2d 572, and cases cited therein.

■ The resolution of this issue requires the court to determine when trial began for

purposes of Tit. 15, § 277, supra. We hold that the point at which jeopardy attaches in a criminal prosecution is also the point at which Tit. 15, § 277, becomes inapplicable and the jury must fix the punishment. After jeopardy attaches, the cause must proceed to a conclusion to prevent a discharge of the defendant, excluding of course, mistrials declared for valid reasons. Until jeopardy attaches, the trial judge may abandon his purpose to try a defendant without any consequence, save possibly speedy trial considerations. Therefore, it seems logical to us that trial has not begun until that event occurs. The law with regard to when jeopardy attaches is well established in this jurisdiction and we are of the opinion that criminal jurisprudence will not be served by adopting a new standard for purposes of Tit. 15, § 277. Thus, the operative effect of the statute is the hiatus between indictment and that point at which jeopardy attaches.

[redacted] The general rule seems to be that former jeopardy for the same offense begins when the jury has been impaneled and sworn in a court of competent jurisdiction to try the defendant for the offense charged, and a sufficient indictment for the offense is read to the jury and pled to by the defendant. Murray v. State, 210 Ala. 603, 98 So. 871.)

In Epps v. State, 28 Ala.App. 105, 179 So. 395, it is stated:

> "The striking of the jury, as above indicated, and before arraignment and plea, and before the jury was placed in the jury box, was preliminary to the trial and not its beginning. No jeopardy attaches in a criminal case until the jury has been impaneled, sworn, and the indictment read and pleaded to by the defendant. . . ."

Also in Lyman v. State, 47 Ala. 686, we find:

> "The rule on this subject, as I understand it, is, that in a case of felony a prisoner is put in jeopardy, in a legal sense, when he is put upon his trial on a good indictment, has been arraigned and pleaded not guilty, or the plea of not guilty has been entered for him by the court, and a lawful jury is duly impaneled and sworn and charged with his trial.
>
> "There is no formal, uniform mode with us in charging a jury with the trial of a prisoner. The usual way is, when the jury is impanneled and sworn, and the trial is actually ready to proceed, for the solicitor, before any witness is examined, to read the indictment to the jury. When this is done, the prisoner is then in jeopardy.—1 Bish. on Crim. Law, § 856."

[redacted] Here, nothing was addressed to the jury. The fact that appellant had previously been arraigned does not alter the situation. See Murray v. State, supra. As indicated in Lyman, supra, the jury in some way must be charged with the trial of appellant before the trial actually begins. We, therefore, conclude that the guilty plea was properly received and the appellant was properly sentenced.

[redacted] Appellant further argues that because of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, 1972, which held the death penalty unconstitutional in certain cases, his guilty plea was indirectly coerced because of the threat of an unconstitutional punishment. We are of the opinion that Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785, and Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, dispose of this contention adversely to the appellant.

Finding no error in the record, the judgment appealed from is due to be and is hereby

Affirmed.

All the Judges concur.