282 So.2d 360

Franklin **ELLINGTON**

v.

**STATE.**

**7 Div. 172.**

Court of Criminal Appeals of Alabama.

June 26, 1973.

Rehearing Denied July 12, 1973.

J. M. Sides, Anniston, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JOSEPH J. MULLINS, Circuit Judge.

On January 5, 1972, an indictment was returned by the Grand Jury of Calhoun County against the appellant charging murder in the first degree for killing one Edgar L. Vinson. The appellant was convicted of murder in the second degree, and sentenced to ten years in the penitentiary. There is sufficient evidence in the record to sustain the jury verdict.

On January 14, 1972, the appellant being present in court and being represented by counsel employed by him, was in all respects lawfully arraigned and entered a plea of not guilty. The cause was set for trial on February 22, 1972, at 9:00 A.M. The venire from which the jury for the trial of this case was to be selected consisted of eighty regular, petit jurors, and twenty specially drawn. The case was called for trial on the morning of February 22, 1972. The State and the defendant both announced ready. The venire was sworn to make true answers to all questions propounded to them touching their qualifications as jurors. The clerk of the court called the name of each venireman and as each name was called the venireman came up to the rail in the courtroom and identified himself by stating his, or her, name, correct address, place of employment, or occupation. The lady jurors were directed to also state the name of their husband and his place of employment and occupation. When the roll call of the venire was completed it was discovered that one member of the venire was absent. The judge then declared a ten minute recess and instructed the members of the venire who were present to remain in the hearing of the bailiff, not to discuss this case among themselves nor allow anyone to

discuss it in their hearing or presence. After a short recess the venire was excused for lunch and instructed again not to discuss the case among themselves or allow anyone else to talk to them about it and to be back in court at 1:30 P.M. At 1:30 P.M. the judge called Mrs. Frances Estes, a member of the venire, up before him and stated:

"We called up for trial this morning the case of State of Alabama vs. Franklin Ellington, and both sides announced ready, and thought you were in the courtroom and present, but you were missing. I will now administer the juror's oath to you."

Whereupon the court administered the oath to Mrs. Frances Estes. The appellant then moved the court for a mistrial on the ground that Mrs. Estes, one of the jury panel, had not been present during the proceedings. This motion was denied by the court; whereupon Mrs. Estes was called up to the rail and identified herself in the same manner in which the other veniremen had identified themselves. The court then asked, "Does the State or the defendant have any further questions of this jury venire at this time?" The State's attorney answered, "No, Your Honor." The defendant's attorney answered, "No, Your Honor." The court then proceeded to qualify the entire venire for the trial of this case allowing both the State and the defendant's attorneys to fully question the members of the venire. No member was challenged by the State or the defendant and no objection was made to the striking of the jury from the list of the venire furnished by the clerk. Upon the completion of the striking of the jury the twelve jurors selected for the trial of the case were duly sworn and impaneled.

The appellant argues in his brief that the action of the trial judge in overruling his motion for a mistrial is error, for which this cause should be reversed. His contention that the trial court erred in not drawing another venireman to replace Mrs. Estes, or declaring a mistrial, is contrary to the provisions of Tit. 30, § 65, Code of Alabama 1940, recompiled 1958, which reads as follows:

"If in any capital case the number of competent jurors shall be less than thirty, before requiring any of them to be stricken off, the court must draw as prescribed in this chapter, and have summoned, enough qualified jurors who are within or live within five miles of the courthouse, or who live within the corporate limits of a city of ten thousand or more inhabitants, in which the court is held, to increase the number to at least thirty, and have their names placed on the list with other competent jurors and shall then require the solicitor and the defendant or defendants to strike from the list as provided in this article, the number of jurors that each may be entitled to strike off, until only twelve remain thereon, and these twelve shall be sworn and empaneled as the jury for the trial of the defendant or defendants."

The appellate courts of the State of Alabama have held that it would be error for the trial court to draw additional names to place on the list of jurors to strike from until the number of available jurors was less than thirty. Bridges v. State, 225 Ala. 81, 142 So. 56; Jones v. State, 260 Ala. 341, 70 So.2d 629; Bowman v. State, 44 Ala.App. 331, 208 So.2d 241; Fleming v. State, 20 Ala.App. 481, 104 So. 137, cert. denied 213 Ala. 78, 104 So. 139; Lewis v. State, 22 Ala.App. 108, 113 So. 88; Riley v. State, 21 Ala.App. 655, 111 So. 649.

The record in this case shows that the list of jurors to be summoned consisted of the eighty jurors drawn regularly for that week and twenty specially drawn for the trial of capital cases. Therefore, under the record in this case the trial court's ruling on the motion was proper.

It is also argued by the appellant, in effect, that once the case is called for trial and both sides announce ready, the entire venire should be sworn in at the same time

and kept together. This contention cannot be correct when taken into consideration with the entire procedure as set out by the Code, supra, for securing jurors for the trial of criminal cases. The procedure provides that in event the number of jurors from which the State and the defendant are to strike is reduced to less than thirty, then the judge should draw from the jury box additional names for prospective jurors. It would be impossible to swear in these additional veniremen at the same time the original veniremen were sworn in, and it would be impossible to keep the additional veniremen with the original veniremen because the additional ones were not known. In the case of Bell v. State, 140 Ala. 57, 37 So. 281, it is said that the rule of law prohibiting the court's allowing a jury in a murder case to separate during the trial of the case does not apply to veniremen before being sworn as jurors in the case they are to try. In fact Justice Tyson, in *Bell*, supra, quotes from State v. Burns, 33 Mo. 483, "They were not jurors, and not, therefore, in the custody of any officer of the court." In *Bell*, supra, it is also said:

"Coke, Foster, and Blackstone state the rule to be 'that after the *jury are sworn and charged* with the prisoner, and after evidence has been given, the jury cannot be discharged or separated.' Martin's Case, [2 Leigh (Va.) 745] supra."

Again, quoting from the *Bell* case:

"This question is *res integra* in this state. It has, however, frequently arisen in other jurisdictions, notably in the famous trial of Burr. In that case, it being impractical to empanel a jury on the first day, four were sworn, and, the question being raised, whether they should be confined, the decision of Chief Justice Marshall was, 'that there was no necessity for delivering the jurymen, who had been or should be sworn, into the custody of the marshal, until the whole number had been empaneled and sworn.'"

■ Actually the trial court could not entertain a motion for a mistrial at the time the appellant moved for it due to the fact that no trial had begun. A trial is deemed to begin when a jury of twelve is sworn, and charged with the prisoner, and after evidence has been given. *Bell*, supra; Epps v. State, 28 Ala.App. 105, 179 So. 395; Murray v. State, 210 Ala. 603, 98 So. 871.

For a collection of the authorities on the question of separation of jurors see Annotations contained in 34 A.L.R. 1115, 79 A. L.R. 821, 21 A.L.R.2d 1088.

■ We hold that in a capital case it is not necessary for the entire venire to be sworn in at the same time and to be kept together.

■ The appellant's next argument in his brief is that the lower court erred in allowing the witnesses, Cecil Ledbetter and Charles Wayne Chandler, to state their opinions that a .38 caliber pistol, State's Exhibit 6, had not been recently fired.

Cecil Ledbetter testified that he had been with the Anniston Police Department for about three years; that he owned a .357 Colt Python revolver; that he wears it and uses it in his business; that he often fires it; that he cleans it; that he smells gun powder; that he knows what gun powder smells like; that he is familiar with the type of gun that he found in the bedroom where deceased's body was that night; that it was a .38 revolver; that he looked at the barrel of the gun the night he found it; that he saw dust and cobwebs in the barrel; that he saw no bullets in the cylinder; and that he examined the gun on that occasion to determine if it was in good working condition.

Whereupon the following question was propounded to the witness by the State:

"Q. Based on your experience as a police officer, and having, yourself, owned a gun, a revolver-type gun, and having shot a gun of this nature, do you

have an opinion as to whether or not that gun had been fired that night?

"MR. SIDES: If the Court please, we object, this invades the province of the jury, the proper predicate has not been laid, and this witness has not qualified as an expert.

"THE COURT: I overrule your objection.

"MR. SIDES: We except, Your Honor.

"Q. (By Mr. Robinson) You can answer.

"A. Would you ask the question again?

"Q. Do you have an opinion as to whether or not that gun had been fired?

"MR. SIDES: We want an answer as to whether he does or does not have an opinion, and then when he asks him what his opinion is, we want to renew the same objections, Your Honor. We ask that he answer the question yes or no, and let us renew our objection after he has answered.

"THE COURT: Read the question back, Mr. Reporter.

"(The Court Reporter read the last question.)

"A. Yes, sir, I do.

"Q. (By Mr. Robinson) In your opinion, then Mr. Ledbetter, had this gun been fired or not?

"MR. SIDES: Your Honor, we want to object to that on the same grounds. It calls for an opinion and invades the province of the jury; the proper predicate has not been laid, and he has not been qualified as a ballistics expert.

"THE COURT: All right. Objection overruled.

"MR. SIDES: We except.

"A. In my opinion, the gun had not been fired."

Charles Wayne Chandler testified that he was a Detective with the Anniston City Police and that he had been a police officer with the City of Anniston for five years; that he arrived at the scene of the killing shortly after the incident took place; that he saw the deceased's body lying on the floor; that at the time he arrived at the scene Officer Ledbetter handed him State's Exhibit 6, the .38 Colt revolver; that he, the witness, carried a gun in his employment; used it in his business; that he owned two .38 revolvers; that he shoots them about twice a month or more; that he cleans them about twice a month; that he observes his own guns before and after they are fired; that he inspected the gun that night at the scene of the death; that he opened the cylinder, looked in the barrel, smelled it, that he saw lint and dust in it and that he saw no powder in the barrel; that he rubbed his hand across the barrel and across the front of the cylinder and got no powder on his hand; and that the cylinder of the gun would not lock in place. Whereupon the following questions were propounded to witness Chandler by the State:

"Q. Based on your examination and the results of your examination that you just testified to, do you have an opinion as to whether or not that gun that you examined out there that night at the scene where Mr. Vinson was, whether or not this gun had been fired recently?

"MR. HAMNER: Your Honor, I'm going to object in that it violates the province of the jury; it violates the best evidence rule. This man has not been qualified as a ballistics expert.

"THE COURT: All right. I'll overrule the objection to that question.

"MR. HAMNER: We except.

"A. In my own opinion, it had not been fired."

In Hicks v. State, 247 Ala. 439, 25 So.2d 139, our Supreme Court said:

"[1,2] A nonexpert witness should not be permitted to testify as to his opinion, but should confine his testimony to a statement of the facts. To qualify as an expert witness, it must appear that by study, practice, experience or observation, as to the particular subject matter the witness has acquired a knowledge beyond that of ordinary witnesses. Daniel v. State, 31 Ala.App. 376, 17 So.2d 542.

"[3,4] The nature of a wound or injury, its probable cause and effect can be stated by expert medical witnesses, or witnesses shown to be familiar with such questions; such as, an undertaker, or others showing competency. Whether a witness is shown to possess the requisite qualifications is a preliminary question said to be largely within the discretion of the court. Kitchens v. State, 31 Ala. App. 239, 14 So.2d 739; Underhill Criminal Evidence, 4th Ed. § 236, pp. 441–443; 20 Amer.Juris., p. 656, §§ 783–786; 32 C.J.S., Evidence, §§ 457–458, p. 95.

"[5] The above authorities are controlling on the question of whether or not the registered nurse, Mrs. Robert Clements, under the predicate laid for her testimony and her statement of the facts, possessed the requisite qualifications to give an opinion as to fatality of the wounds upon the body of the deceased. The trial court committed no error in admitting her evidence."

We are of the opinion that the trial judge did not abuse his discretion in allowing the witnesses Ledbetter and Chandler to express their opinions as to whether or not the gun had been fired that night. It was for the trial court to determine whether or not the witnesses were qualified to express an opinion on the subject. Pynes v. State, 207 Ala. 413, 92 So. 666; Hicks, supra; Alexander v. State, 37 Ala.App. 533, 71 So.2d 520).

Appellant in his brief further insists that the cause should be reversed because counsel for the prosecution violated the rules concerning the range of comments permissible in closing arguments by commenting on the failure of the defendant to testify; by commenting on matters not in evidence and by appeal to the sympathy and prejudice of the jury. One of the comments of the prosecuting attorney complained of by the defendant is, "Edgar L. Vinson isn't here today to take the stand, and I promise you if he were here, he would take the stand." The defendant objected to this statement, and the court, ex mero motu, instructed the jury not to consider it in arriving at its verdict.

We have read the entire transcript very carefully, including fragmentary parts of appellant's and State's arguments to the jury. This clearly is not a comment, directly or directly, on the failure of the defendant to take the witness stand in his behalf. King v. State, 48 Ala.App. 154, 262 So.2d 764.

The defense counsel objected to two other remarks made by the prosecuting attorney upon the grounds that they went beyond the evidence before the jury in the case, and were irrelevant, incompetent, immaterial and inflammatory. These remarks were:

1. "It is common knowledge that these people had been drinking on that occasion."

Defense counsel objected, "We object to what is common knowledge."

2. "There was further testimony from Trooper Cox, *as I recall it* that this defendant told him that when the man opened the door and shot at him, that he, the defendant, held this pistol in his hand, and fanned it three times, just like Marshal Dillon." (Emphasis supplied.)

The defense counsel objected, "Your Honor I object to that as being irrele-

vant. This case is not like Marshal Dillon shoots a pistol."

Two of the State's witnesses who were with defendant when deceased was shot testified that they had been with the defendant since about dark that day until the time of the shooting of the deceased and the three had been drinking together at the V. F. W. Hall in Ragland until about midnight, and in the car on the way to Anniston. Other witnesses placed the time of the shooting at about 1:00 to 1:30 A.M.

Trooper Cox testified, "He [the defendant] said he shot three times. He just said he saw him fly back and hit the wall, but that he fired three times."

State witness Flor testified, "Mr. Ellington said he had the gun in his left hand pocket and he said he pulled the gun out, and he said he held it in his left hand, and he said he fanned it three times."

Neither Trooper Cox, nor Officer Flor made a reference to Marshal Dillon, nor do we find anywhere in the evidence a reference to Marshal Dillon.

On each occasion the trial court, ex mero motu, instructed the jury in substance as follows:

"Ladies and Gentlemen of the Jury, you are again reminded that you are to consider, in this case, only the evidence of the people who came to testify here in Court, and the physical exhibits that were received in evidence. What the lawyers say about the evidence is not the evidence. You all heard the evidence, and will have the exhibits, and that will be what you will base your decision on."

The record before this Court does not show that defense counsel moved for a mistrial, or requested any other, or further, instructions to the jury with reference to the statements of prosecuting attorneys.

The trial court instructed the jury that the remarks were not evidence and what the lawyers say about the evidence is not evidence, and admonished the jury to consider only the evidence of the people who came to testify here in court. Mr. Justice Stone in the case of Cross v. State, 68 Ala. 476, at page 484, announced the rule with reference to improper statements by counsel to be:

"There must be objection in the court below, the objection overruled, and an exception reserved. The statement must be made *as of fact*; the fact stated must be unsupported by any evidence, must be pertinent to the issue, or its natural tendency must be to influence the finding of the jury; or the case is not brought within the influence of this rule." (Emphasis supplied.)

The statements made by State's counsel in his argument to the jury, outside of the evidence before the jury, to which defendant objected, were not so inflammatory as to be ineradicable by a proper instruction of the court when taken into consideration with the entire record in this case. Childress v. State, 86 Ala. 77, 5 So. 775; *Cross,* supra; Finley v. State, 28 Ala.App. 151, 181 So. 123, cert. denied 236 Ala. 161, 181 So. 125; Payne v. State, 261 Ala. 397, 74 So.2d 630.

■ We therefore hold that any prejudice to the defendant by the remarks complained of was eradicated by the trial court's instructions to the jury to consider only the evidence, and not statements of the attorneys in their oral arguments.

We have diligently searched the record for defects in accordance with our statutory duty and fail to find anywhere prejudicial error committed by the trial court in the conduct of the trial of appellant.

The judgment of conviction is hereby affirmed.

The foregoing opinion was prepared by Hon. JOSEPH J. MULLINS, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, Tit. 13,

Code of Alabama 1940, recompiled 1958; the Court has adopted his opinion as its own.

Affirmed.

ALMON, TYSON, HARRIS and De-CARLO, JJ., concur.

CATES, P. J., not sitting.