348 So.2d 1116 (1977)
Willie James JONES
v.
STATE.
6 Div. 210.
Court of Criminal Appeals of Alabama.
May 24, 1977.
Rehearing Denied June 28, 1977.
*1117 Arthur Parker, Parker & Garrett, Birmingham, for appellant.
William J. Baxley, Atty. Gen., and Barry V. Hutner, Asst. Atty. Gen., for the State.
TYSON, Presiding Judge.
The indictment charged that the appellant did "unlawfully sell, furnish, or give away 10.0 grams of Secobarbital . . . to James Chambliss" in violation of the Alabama Uniform Controlled Substances Act.[1] The jury found the appellant guilty as charged, and the trial court fixed his sentence at six years in the penitentiary. His motion for new trial was overruled.
On November 1, 1973, around 4:15 p. m., Officer James Chambliss, working as an undercover agent with the United Narcotics Detail Operation (U.N.D.O.) in Jefferson County, went to the home of the appellant, which is located on the twelve hundred block of Forty-Seventh Street in Birmingham. Officer Chambliss was followed there by his U.N.D.O. supervisor, Sergeant James Earl Smith, who positioned his unmarked car in an alley some fifty to seventy-five yards away from appellant's home so that he could secretly observe any action which occurred in front of the house.
Appellant and another unidentified black male were on the front porch of appellant's home when Officer Chambliss arrived, and, upon seeing him, both men stepped inside the house. Officer Chambliss followed the two men inside to the dining room area where appellant inquired as to the purpose of his visit. Officer Chambliss told appellant that "he wanted some of the same thing I got last week," and appellant responded that "those red pills had gone up to a dollar and twenty-five cents apiece." Officer Chambliss then stated that at that price he could afford about fifty pills (R. *1118 43). Appellant, who Officer Chambliss stated walked with a limp, left the dining room, went into the kitchen where he made a telephone call, then walked out on the front porch. About five minutes later, appellant came back inside, accompanied by his twelve year old adopted son, Maurice Coleman, who was carrying a plastic lock-top bag containing a number of "red pills (one hundred `Lilly S-40 capsules')." Maurice handed the plastic bag to Officer Chambliss, then went back outside, and appellant and Officer Chambliss sat down and poured the capsules out on a table top. Appellant told Officer Chambliss that he was able to purchase the capsules for seventy-five cents apiece and that he would let him have the entire amount for that price. Officer Chambliss agreed and purchased the one hundred secobarbital capsules with four twenty dollar bills, receiving a five dollar bill as change. Thereafter, around 5:00 p. m., Officer Chambliss returned to U.N.D.O. headquarters where he and Sergeant Smith counted the capsules and sealed them in an evidence envelope which they both initialed. The next day, Sergeant Smith turned the sealed envelope over to Toxicologist Craig Bailey who, at trial, identified the controlled substance as secobarbital.
The thrust of appellant's defense presented at trial was that he was physically incapable of committing this offense as testified to by Officer Chambliss. Appellant testified that due to the fact that he had broken his left leg several times, it had become shorter than his right leg, thus causing him to walk with a severe limp. Compounding this handicap, the appellant stated he was shot in the right leg with a .38 pistol on October 2, 1973, and was hospitalized in Carraway Hospital where he remained until October 17, 1973. He stated that for a long period thereafter, he remained bedridden in his home and was unable to get around without the aid of a crutch.
Appellant's wife stated that the appellant was completely immobilized until October 31, 1973 (the day he returned to his doctor for a check-up), and that on the day of the incident in question, November 1, 1973, appellant "was wobbling around on one crutch."

I
Appellant cites error in the failure of the record to reflect that he "has been arraigned and pleaded not guilty . . . and a lawful jury [was] duly impaneled and sworn and charged with his trial." See Lyman v. State, 47 Ala. 686 [Emphasis supplied]. He asserts that because of such failure, he cannot "later plead and sustain the burden of proof of former jeopardy should a new prosecution occur . . . ." (Appellant's reply brief, page 3) See Spencer v. State, 48 Ala.App. 646, 266 So.2d 902.
The record at page 218 discloses the following:
 "ARRAIGNMENT
"THE STATE | Indictment for
 VS } violation uniform
WILLIE JAMES JONES | Alabama controlled
 substances act
 Honorable Charles Crowder,
 Judge Presiding
"This the 21st day of June, 1974, came Earl C. Morgan, District Attorney, who prosecutes for the State of Alabama, and also came the defendant in his own proper person and by his attorney, Arthur Parker, and the defendant being duly arraigned upon the indictment in this cause, for his plea thereto says that he is not guilty and leave of the Court is hereby granted to defendant, hereafter but before trial day, to interpose any special pleas which defendant had the right as a matter of Law to interpose prior to his plea of not guilty and case is set August 6, 1974, and passed from time to time to February 23, 1976, for trial."
Furthermore, on page 226 of the record we find:
 "JUDGMENT ENTRY
"THE STATE | Indictment for
 VS. } violation uniform
WILLIE JAMES JONES | Alabama controlled
 substances act
 Honorable Charles Crowder,
 Judge Presiding
"This the 25th day of February, 1976, came Earl C. Morgan, District Attorney, who prosecutes for the State of Alabama, and also came the defendant in his own proper person and by his attorney, Arthur Parker, and thereupon came a jury of good and lawful persons, to-wit: Herbert W. Shows, Jr., and eleven others, who being duly empaneled and sworn according to Law, before whom the trial of this cause was entered upon and continued from day to day and time to time, said defendant being in open Court at each and every stage and during all the proceedings in this cause.
*1119 "This the 26th day of February, 1976, said jurors upon their oaths do say, `We the jury find the defendant guilty of violation of the uniform Alabama controlled substances act as charged in the indictment.'
"This the 26th day of February, 1976, it is therefore considered by the Court and it is the judgment of the Court that said defendant is guilty of violation of the uniform Alabama controlled substances act as charged in the indictment, in accordance with the verdict of the jury in this cause, and case continued to March 15, 1976, for sentencing.
"This the 15th day of March, 1976, the defendant being in open Court, with his attorney, Arthur Parker, and being asked by the Court if he had anything to say why the judgment of the Court and sentence of the Law should not be pronounced upon him says, `No Sir.' It is the judgment of the Court and sentnce of the Law that the defendant, the said Willie James Jones, be imprisoned in the penitentiary of the State of Alabama for a term of six (6) years, and it is hereby ordered by the Court that the defendant be credited with all of his actual time spent incarcerated in the Jefferson County Jail pending trial of this cause unless he was serving time for another offense." [Emphasis supplied]
As shown above, the record clearly indicates that the arraignment and trial proceedings were conducted without irregularity, although there is no actual showing that the jury was "charged with his trial" before any witness was examined.
The usual mode of charging a jury with the trial of a defendant is the reading of the indictment to them by the prosecuting attorney during his opening statements. Lyman v. State, supra. Opening statements in a trial proceeding are not usually transcribed, and thus will seldom appear in the record proper. See Title 13, Section 262, Code of Alabama 1940.
If, however, the jury is not so charged, it is incumbent of a defendant to bring such omission to the attention of the trial court by prompt objection or as an asserted ground in a motion for new trial. See Rogers v. State, Ala.Cr.App., 332 So.2d 739, cert. denied, Ala., 332 So.2d 746. Where, as here, there was no objection entered in the trial court below, it will be presumed that the indictment was read to the jury or that they were in some other way informed of the charges against the defendant before any witness was examined. McGuire v. State, 76 Miss. 504, 25 So. 495. See Nick v. United States, 122 F.2d 660 (8th Cir. 1941), 138 A.L.R. 791.

II
During the direct examination of appellant's son, Maurice Coleman, defense counsel inquired about a matter which had taken place the morning of the trial in the hallway just outside of the witness room. The appellant sought to establish that during the time Maurice Coleman and his two brothers were sitting in witness room, Mr. Johnson, the district attorney, came to the door and asked Officer Chambliss (who at that time was standing in the hallway), "Which one is Maurice," but that Officer Chambliss was unable to identify him. Appellant's trial strategy was to point out that if Officer Chambliss could not identify Maurice that morning in the witness room, then it follows that Officer Chambliss did not receive any pills from Maurice on the day in question as he (Officer Chambliss) had testified. Following a sifting cross-examination by the district attorney, during which the witness stated he did not know whether Officer Chambliss identified him or not (R. 172), the trial judge propounded the following question to the witness:
"THE COURT: Are you telling me, right now, that this man [Mr. Johnson] and Officer Chambliss stood in the doorway and he [Mr. Johnson] asked Chambliss which one of you three it was and he didn't know, is that what you're telling me? I was standing right there. Is that what you're telling me?

"A. I don't remember that." [Emphasis supplied]
In closing argument, defense counsel made repeated attempts to argue the fact that Officer Chambliss was unable to identify Maurice Coleman when asked to do so by the district attorney. However, in each instance objection to this line of argument was sustained by the trial court, and the appellant here contends that such rulings were erroneous.
As we read the record, with particular emphasis on the answer given to the *1120 trial judge by the witness, Maurice Coleman, when he was specifically asked about this "identifying procedure" which took place, we conclude that defense counsel was attempting to comment or draw inferences on facts unsupported by the evidence. Thus, the trial court's rulings were indeed correct. Braden v. State, 49 Ala.App. 97, 268 So.2d 877 (1972).

III
As a final assertion of error, the appellant contends that during closing argument the district attorney made several prejudicial remarks which necessitate the reversal of this cause. The remarks complained of, in substance, are as follows:
(1) Referring to the appellant as a "purveyor of drugs";
(2) Referring to [t]he little twelve year old boy, or the other would be little twelve year old boys . . . ;
(3) Suggesting that "[Officer] James Chambliss was out there risking his life."
We find that the above quoted remarks do not transcend the bounds of legitimate and proper argument. The evidence presented at trial, which was believed by the jury, established a sale of large quantity secobarbital by the appellant to Officer Chambliss and that the appellant had utilized his twelve year old son as a "go between" or "agent" in this illicit transaction. Moreover, Sergeant Smith testified that his responsibility in this undercover operation was to supervise Officer Chambliss' activity and "to protect him"; (R. 80) a statement which underscores the common knowledge that law enforcement officers who engage in ferreting crime do indeed risk their lives daily. The district attorney was pointing out matters of evidence and arguing their legitimate inferences, thus, no error is shown. Braden v. State, supra; Barnett v. State, 52 Ala.App. 260, 291 So.2d 353, and authorities therein cited.

IV
Appellant's requested charges (Nos. 21 and 22), which dealt with the defense of alibi, were properly refused inasmuch as they were argumentative under the evidence and thus invasive of the province of the jury. Title 7, Section 273, Code of Alabama 1940.
Further this subject was covered by the trial court's oral charge.
We have carefully examined this record and find same free from error. The judgment is therefore
AFFIRMED.
All the Judges concur.
NOTES
[1] Title 22, Section 258(35)(b), Code of Alabama 1940, as amended 1971.