JOSEPH J. MULLINS, Retired Circuit Judge.
The grand jury of Jefferson County charged the appellant, Henry Lee Tarver, with first degree murder of Ruby McGinnis Sherrod, by shooting her with a pistol. Appellant entered pleas of not guilty, and not guilty by reason of insanity. The jury found the appellant guilty of murder in the first degree and' fixed his punishment at life imprisonment. The trial court duly entered judgment in accordance with the verdict, and appellant appeals to this Court.
This appeal was submitted to this Court on briefs. The appellant was represented by counsel of his choice in all proceedings in the trial court, and is represented in this Court by different counsel under court appointment.
The evidence on behalf of the state consisted of testimony of nine witnesses, and tends to prove that the appellant and the deceased were both married; that for about two years before January 31, 1975 they had been having illicit intercourse; that the deceased had lost her interest in appellant; that on January 31,1975 at about 9:00 A.M. appellant entered a restaurant located in Birmingham, Jefferson County, Alabama where he found the deceased; that after sitting in a booth and talking with the deceased for a few minutes appellant stood up in the aisle, and while deceased was seated in the booth, appellant pulled a pistol from his belt and shot the deceased five times inflicting twenty-eight wounds on her body from which she immediately died: that appellant walked out of the restaurant, got in his car and drove away.
Appellant’s defenses were not guilty, self-defense, and insanity at the time of the crime.
Appellant was a witness in his behalf and with fifteen other witnesses offered evidence in support of his plea of insanity, and in support of self-defense. Appellant offered evidence of his reputation for truthfulness, and his reputation for peace and quietude, and also evidence of the reputation of the deceased for violence and viciousness.
In rebuttal to appellant’s evidence on his plea of insanity the state offered evidence *1179 that appellant was sane at the time of the crime. The trial court fully instructed the jury as to the law covered by the issues raised at the trial.
Appellant contends that this cause should be reversed because the record does not show he entered a plea, or that one was entered for him by the court. Appellant also contends that this cause should be reversed for the reason that the indictment against appellant was not read to the jury. Appellant further contends that this case should be reversed because appellant was not allowed to introduce certain evidence of the reputation of the deceased. Appellant also contends that this cause should be reversed because of certain remarks made to the jury by counsel for the state in his closing argument to the jury.
First, with reference to appellant’s pleas, in the record proper, certified to this Court by the clerk of the trial court, on page 429 we find the following:

This the 25th day of April, 1975, came Earl C. Morgan, District Attorney, who prosecutes for the State of Alabama, and also came the defendant in his own proper person and by his attorney, Robert Bryan, and the defendant being duly arraigned upon the indictment in this cause, for his plea thereto says that he is not guilty and not guilty by reason of insanity, and leave of the Court is hereby granted to defendant, hereafter but before the trial day, to interpose any special pleas which defendant had the right as a matter of Law to interpose prior to his plea of not guilty and case is set May 5,1975, and passed from time to time to May 3,1976, for trial.
It appears from the foregoing that the appellant entered a plea of not guilty, and of not guilty by reason of insanity, on the 25th day of April, 1975. Trial date was May 4-6, 1976. We hold that once a defendant has been duly arraigned, and has entered his pleas to an indictment, and the indictment and the pleas have in no way been changed, it is not necessary for him to again plea on trial date. In fact to require one charged with an offense to await trial date to plea is not in harmony with the operation of our trial courts. Howard v. State, 165 Ala. 18, 50 So. 954; Gandy v. State, 42 Ala.App. 215,159 So.2d 71, certiorari denied, 276 Ala. 704, 159 So.2d 73; Turner v. State, 266 Ala. 250, 96 So.2d 303.
The appellant insists in his brief that his conviction should be set aside because the indictment against him was not read to the jury at the beginning of his trial. In the absence of an objection in the record to the failure to read the indictment to the jury at the beginning of the trial the matter is not before this Court for a decision. The question was not presented to the trial judge for his ruling. Williams v. State, 44 Ala.App. 599, 217 So.2d 551; Thompson v. State, 44 Ala.App. 414, 211 So.2d 505; Wade v. State, 49 Ala.App. 601, 274 So.2d 626; Turner v. State, 54 Ala.App. 467, 309 So.2d 503.
Appellant further contends that his conviction should be reversed because of the adverse ruling of the trial court shown by the following excerpt from the transcript of the testimony during the examination by appellant’s counsel of a witness offered by the appellant:
“Q Mrs. Wilson, I’ll ask you whether or not you knew of a Mrs. Ruby Sher-rod in her lifetime? Now just right now just answer yes or no.
A I did know her.
Q Know of her?
A Yeah, I knew of her.
Q Did you come to know her general reputation for peace and quiet, for being peaceful before her death on January thirty-first, 1975?
THE COURT: Yes or no?
A Before her death?
THE COURT: Yes, ma’am.
A No, I didn’t know anything of her before her death.
Q All right. Did you come to — don’t tell us what you’re thinking, just yes or no, did you come to know her reputation sometime after?
*1180 A Yes.
THE COURT: It’s not admissible. Prior to January thirty-first, 1975.
Q So you had not heard anything about her before she died?
A No.
MR. BRYAN: Okay. I’m sorry, Your Honor.”
January 31, 1975 is the date of the alleged crime, and the day that deceased died. We hold that the trial court was correct in refusing to allow the witness to testify as to the reputation of the deceased because the testimony of the witness was based on what she heard about the deceased after the death of the deceased. Griffith v. State, 90 Ala. 583, 8 So. 812; Buchanan v. State, 120 Ala. 670, 25 So. 1024; Gordon v. State, 140 Ala. 29, 36 So. 1009; Standard v. State, 51 Ala.App. 176, 283 So.2d 627.
Appellant contends that his right to a fair trial was prejudiced by remarks of the district attorney in his closing argument to the jury wherein he stated: “I could have put her husband on the stand. I could have put her mother and father on the stand and they could have said, Ruby was a nice person.”
During the trial the jury was specifically instructed by the trial court that statements made by the lawyers to the jury are not evidence for them to consider, that the jury decides the facts and considers only evidence that they hear from the witnesses who take the witness stand.
The statements made by state’s counsel in his argument to the jury, to which appellant objected, were not so inflammatory as to be ineradicable by proper instructions of the court when taken into consideration with the entire record in this case. We therefore hold that prejudice to the appellant, if any, was eradicated by the trial court’s instructions to the jury to consider only the evidence from the witnesses who took the witness stand, and not statements of counsel in their oral argument to the jury. Childress v. State, 86 Ala. 77, 5 So. 775; Cross v. State, 68 Ala. 476; Finley v. State, 28 Ala.App. 151,181 So. 123, certiorari denied, 236 Ala. 161, 181 So. 125; Payne v. State, 261 Ala. 397, 74 So.2d 630; Ellington v. State, 51 Ala.App. 12, 282 So.2d 360, certiorari denied, 291 Ala. 778, 282 So.2d 366.
We have searched the record for any errors prejudicial to the defendant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.